## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CLAIRE HAYMAN<br>and<br>HOWARD HAYMAN,<br>　　　　Plaintiffs<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC.,<br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)　　C.A. NO. 07-CV-11120-JLT<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT AND JURY DEMAND

1.　　The plaintiff, Claire Hayman, is an individual residing at 201 Bristol Rd, Wellesley, Massachusetts.

2.　　The plaintiff, Howard Hayman, is an individual residing at 201 Bristol Rd, Wellesley, Massachusetts.

3.　　The Defendant, DePuy Orthopaedics, Inc., on information and belief, is a corporation headquartered at 700 Orthopaedic Drive, Warsaw, Indiana, 46581.

### FACTS

4.　　On or about August 24, 1995, Ms. Hayman under went total knee replacement surgery of her left knee.

5.　　The surgery was performed by Dr. Carl Spector.

6.　　At the time of the surgery, Ms. Hayman was 49 years of age and it was represented to her that her prosthetic knee would last a minimum of 20 years.

7.  At no time did the defendant warn either Ms. Hayman or Dr. Spector of any risk regarding the knee wearing out prematurely.

8.  The surgery was successful with no complications; however, the recovery and rehabilitation period, as anticipated, lasted several months and was quite painful.

9.  Less than ten years after her surgery, Ms. Hayman began to experience excruciating pain in her left knee on a regular basis.

10. Ms. Hayman's pain was constant, and she was unable to walk for more than a few minutes at a time without having to stop and sit down.

11. As a result of the pain and her inability to walk normal distances, Ms. Hayman went to Massachusetts General Hospital and consulted with Dr. William Tomford on October 16, 2005.

12. Dr. Tomford informed Ms. Hayman that there was severe degradation and wear to the prosthetic knee which had caused the bone around the prosthesis to deteriorate.

13. Due to the unbearable pain and the inability to walk normally, Dr. Tomford recommended that Ms. Hayman undergo a second knee replacement surgery.

14. This second surgery took place on January 12, 2006.

15. The second surgery, much like the first, was extremely painful and Ms. Hayman is still recovering from that surgery.

16. Ms. Hayman's original prosthetic knee was designed and manufactured by the defendant, DePuy Orthopaedics, Inc. a wholly owned subsidiary of defendant Johnson & Johnson.

17.   Scientific studies conducted in the early 1990's showed that the process of gamma sterilization in air caused rapid degradation of the polyethylene components of the prosthetic knees.

18.   This rapid degradation caused the knees to wear out prematurely and last significantly less time than other prosthetic knees in the market.

19.   Additionally, the rapid degradation caused severe pain in patients, resulting in the patients having to undergo multiple unplanned knee replacements.

20.   The knee manufactured and sold by the Defendants that Ms. Hyman received in 1995, like all of the Defendants' prosthetic knees at that time, was sterilized by gamma in air radiation.

21.   The Defendants, though aware of this problem for years before Ms. Hayman's surgery, continued to sell the defective prosthetic knees and issued no warnings to any of the patients or doctors that implanted the knees.

22.   As a direct result of the Defendants' continued sale of its defective prosthetic knees and its failure to warn patients and hospitals of the risks and dangers posed by gamma in air radiation, Ms. Hayman sustained serious injuries.

23.   Howard Hayman is the husband of Claire Hayman.

24.   As a direct result of the Defendants' negligent conduct, Mr. Hayman was deprived of the love, affection, companionship, society, comfort and services of his wife.

## COUNT I – BREACH OF WARRANTY
(Implied Warranty of Merchantability – DePuy Orthopaedics, Inc.)

25.    The plaintiffs repeat and reallege paragraphs 1 through 24 of this Complaint as if expressly set forth herein.

26.    The defendant, DePuy Orthopaedics, Inc. failed to warn Ms. Hayman prior to her knee surgery in 1995 of the risks and dangers of its prosthetic knees, though it was aware of the problem of sterilizing the knees with gamma in air radiation prior to her surgery.

27.    By failing to warn Ms. Hayman of the risks and dangers of its prosthetic knees, the defendant, DePuy Orthopaedics, Inc., acted in breach of the Implied Warranty of Merchantability.

28.    As a direct and proximate result of the defendant acting in breach of the Implied Warranty of Merchantability, Ms. Hayman sustained serious injuries.

## COUNT II – BREACH OF WARRANTY
(Implied Warranty of Fitness for a Particular Purpose – DePuy Orthopaedics, Inc.)

29.    The plaintiffs repeat and reallege paragraphs 1 through 28 of this Complaint as if expressly set forth herein.

30.    The defendant, DePuy Orthopaedics, Inc., was aware of the nature and purpose for which Ms. Hayman was to use its prosthetic knee.

31.    Ms. Hayman used the defendant's prosthetic knee in the proper manner.

32.    The defendant, by virtue of using gamma in air sterilization, provided Ms. Hayman with a product that did not conform to the standard of fitness impliedly represented.

33.     By providing Ms. Hayman with a product that did not conform to the standard of

        fitness impliedly represented, the defendant, DePuy Orthopaedics, Inc., acted in

        breach of the Implied Warranty of Fitness for a Particular Purpose.

34.     As a direct and proximate result of the defendant acting in breach of the Implied

        Warranty of Fitness for a Particular Purpose, Ms. Hayman sustained serious

        injuries.

## COUNT III – NEGLIGENCE
(Absence of Warning – DePuy Orthopaedics, Inc.)

35.     The plaintiffs repeat and reallege paragraphs 1 through 34 of this Complaint as if

        expressly set forth herein.

36.     The defendant, DePuy Orthopaedics, Inc., breached its duty of care to Ms.

        Hayman by failing to warn Ms. Hayman of the risks and dangers of its prosthetic

        knees wearing out prematurely.

37.     By failing to warn Ms. Hayman of the risks and dangers of its product, the

        defendant subjected Ms. Hayman to an unreasonable risk of injury.

38.     As a direct and proximate result of the defendant's negligence, Ms. Hayman

        sustained serious injuries.

## COUNT IV – NEGLIGENCE
(Defective Manufacture – DePuy Orthopaedics, Inc.)

39.     The plaintiffs repeat and reallege paragraphs 1 through 38 of this Complaint as if

        expressly set forth herein.

40.     The defendant, DePuy Orthopaedics, Inc., breached its duty of care to Ms.

        Hayman by sterilizing its prosthetic knees with gamma in air radiation, causing

        the prosthetic knees to prematurely wear and degrade.

41.  By sterilizing its prosthetic knees in gamma in air radiation, the defendant subjected Ms. Hayman to an unreasonable risk of injury.

42.  As a direct and proximate result of the defendant's negligence, Ms. Hayman sustained serious injuries.

COUNT V – G.L. C. 93A
(Unfair and Deceptive Practices – DePuy Orthopaedics, Inc.)

43.  The plaintiffs repeat and reallege paragraphs 1 through 42 of this Complaint as if expressly set forth herein.

44.  The defendant, DePuy Orthopaedics, Inc., continued to sell prosthetic knees sterilized by gamma in air radiation despite knowing that the gamma in air sterilization process caused severe and premature degradation of the prosthetic components.

45.  Even with this knowledge, the defendant failed to warn Ms. Hayman of the potential dangers surrounding her prosthetic knee.

46.  The defendant's lack of warning and continued sale of prosthetic knees sterilized by gamma in air radiation constituted an unfair and deceptive practice under G.L. c. 93A.

47.  On October 19, 2006, Ms. Hayman sent Johnson & Johnson a settlement demand letter which, on information and belief, was forwarded to Depuy, Orthopaedics, Inc.

48.  The defendant has failed to make a reasonable settlement offer.

49.  As a direct and proximate result of the defendant's unfair and deceptive practices, Ms. Hayman sustained serious injuries.

## COUNT VI – NEGLIGENCE
(Loss of Consortium – DePuy Orthopaedics, Inc.)

50.     The plaintiffs repeat and reallege paragraphs 1 through 49 of this Complaint as if expressly set forth herein.

51.     The defendant, DePuy Orthopaedics, Inc., breached its duty of care to Ms. Hayman by sterilizing its prosthetic knees with gamma in air radiation, causing the prosthetic knees to prematurely wear and degrade.

52.     As a direct and proximate result of the defendant's negligence, Ms. Hayman sustained serious injuries.

53.     As a direct and proximate result of the defendant's negligence, Mr. Hayman has been deprived of the love, affection, companionship, society, comfort and the services of his wife and has been injured.


WHEREFORE, the Plaintiffs request that this court,

(1)     Enter judgment for Ms. Hayman as to Counts I - V against the Defendant;

(2)     Award Ms. Hayman the full amount of her damages on Counts I - V including her costs and attorneys fees;

(3)     Award Ms. Hayman treble damages on Count V plus her costs attorney fees and such other and further relief as this court may deem just and appropriate; and

(4)     Enter judgment for Mr. Hayman as to Count VI against the Defendant.

## JURY DEMAND

The plaintiffs demand a trial by jury on all issues raised herein.

CLAIRE HAYMAN AND
HOWARD HAYMAN,

By Their Attorneys,

DAVIDS & COHEN, P.C.

_____  10/29/07
Ronald M. Davids
Charles E. Gould
40 Washington Street, Suite 20
Wellesley, MA 02481
(781) 416-5055
BBO No.: 115110
BBO No.: 664551